# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BAILEY M. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1089-D |
| | ) | |
| ERIC JOHN DUVAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On October 12, 2016, the Court entered an order [Doc. No. 19] instructing Plaintiff to file an amended complaint that complied with Fed. R. Civ. P. 8(a), as her original complaint was verbose, rambling, and unclear. *Id.* at 3. The Court warned Plaintiff that failure to fully comply with the Court's Order would result in the dismissal of her lawsuit without prejudice. *Id.* at 4. In response, Plaintiff has provided this Court with an Amended Complaint [Doc. No. 25], which cures none of the defects in her original complaint. In fact, Plaintiff has <u>multiplied</u> the length of her complaint by submitting multiple attachments.[1] Moreover, Plaintiff's Amended Complaint does not alleviate the Court's primary concern that subject

---

[1] Such attachments consist of two compact discs of a film entitled "Detestable," three books about human trafficking and abuse, six spiral binders on "Gang Stalking" and "The American Police State," and one three-ring binder containing numerous photographs depicting what Plaintiff alleges to be evidence of child abuse.

matter jurisdiction is lacking. Accordingly, the Court finds Plaintiff's action should be dismissed without prejudice.

Because Plaintiff appears pro se, the Court construes her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The Court, however, cannot take on the responsibility of serving as Plaintiff's attorney in constructing arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

As previously noted, Plaintiff's complaint arises from certain findings made in her divorce proceedings in Oklahoma County District Court; namely, the district court's decision to grant custody of her minor child to her ex-husband and suspend her visitation rights. "Generally, the *Rooker-Feldman* doctrine precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). "The Supreme Court recently clarified the narrow scope of the *Rooker-*

*Feldman* doctrine, stating that it is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id*. (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)).

In *Kanth v. Lubeck*, 123 F. App'x 921 (10th Cir. 2005) (unpublished), the plaintiff filed a complaint alleging that his civil rights were violated during the course of his Utah state divorce proceedings. The complaint requested the federal court to, among other things, assume jurisdiction over the state divorce proceedings, dismiss the Utah divorce decree, and restore to him full custodial and visitation rights to his two minor children. The plaintiff named as defendants numerous Utah state and appellate court judges, commissioners, three attorneys in the Utah Office of Guardian Ad Litem, the Utah Attorney General, and the Director of the Utah Department of Human Services, and attempted to amend the complaint to include his ex-wife, her parents, and her attorney as defendants.

After the district court dismissed his complaint, the plaintiff appealed to the Tenth Circuit Court of Appeals, which affirmed the dismissal. The court, in applying the *Rooker-Feldman* doctrine, looked to the requested relief and determined whether the state court judgment caused, actually and proximately, the

3

injury for which the federal complaint sought redress. *Id.* at 924. In doing so, it found that "[d]espite his attempt to characterize his federal complaint as one seeking to vindicate his federal constitutional rights, the relief [plaintiff] seeks is a reversal of the Utah state courts' rulings against him and an award of custodial and visitation rights to his children. Any federal claims are inextricably intertwined with those orders." *Id.* (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476-77 (10th Cir. 2002)).

Likewise, although Plaintiff attempts to allege multiple violations of federal law, it is clear Plaintiff is seeking review and rejection of the state court orders in her divorce proceedings. Plaintiff alleges the defendants, who include her ex-husband, his attorney, the presiding judge, and the court-appointed guardian ad litem, conspired to deprive her of her parental rights. Plaintiff seeks, among other things, emergency protective custody of her child and an "immediate federal investigation ... into the unconstitutional and criminal conduct of the state and state actors" involved in her case. Amend. Compl. at 14 (emphasis omitted). As in *Kanth*, any federal claims are inextricably intertwined with those rulings. The Court, however, does not have subject matter jurisdiction over such claims.

Accordingly, the Court finds Plaintiff's Amended Complaint [Doc. No. 25] should be, and is hereby, **DISMISSED WITHOUT PREJUDICE**.[2]

**IT IS SO ORDERED** this 1st day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] A dismissal for lack of subject-matter jurisdiction must be without prejudice because "the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (citation omitted, emphasis in original).